| United States District Court | Southern District of Texas |
|---|---|

| | | |
|---|---|---|
| Francis Tejani Kundra, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Civil Action H-06-1349 |
| | § | |
| Warden Lacy, *et al.,* | § | |
| | § | |
| Defendants. | § | |

# Opinion on Dismissal

Francis Tejani Kundra is held by the Corrections Corporation of America at an Immigration Detention Center in Houston. He sues Stubblefield, the Recreation and Law Library Director, and Warden Lacy under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

1. *Claims*

Kundra's claims follow. On February 17, 2006, Kundra gave Stubblefield some INS papers for him to copy. When Stubblefield finished, he returned the copies to Kundra and left quickly. When Kundra read his documents, he noticed the most important papers were missing. Kundra sent written requests to Stubblefield. He told Kundra the papers might have been stacked in the copier and he would try to get them for Kundra. Stubblefield did not retrieve the papers for Kundra. On March 16, 2006, Kundra returned to the INS court, but without the missing papers. Kundra says he could have proved his case for avoiding removal if Stubblefield had not lost his documents. Kundra claims he has been harmed by the order of removal entered March 8, 2006.

Kundra says there is a possibility of a conspiracy because Stubblefield had the opportunity to read the documents he was copying for Kundra and he might have acted to insure that Kundra lost his deportation case.

Kundra filed grievances concerning the lost papers. The grievances were decided in favor of Stubblefield. Kundra appealed, but the trend is for the grievance employees to side with their

fellow employees. Kundra gave an example that on September 8, 2005, the grievance employee sided with Stubblefield on Kundra's complaint that Stubblefield had displayed an unprofessional attitude. Kundra submitted a grievance against Stubblefield which was returned as a nuisance grievance. The grievance investigators are one-sided.

Stubblefield admitted in the grievance records that he had lost some of Kundra's papers. Kundra has had problems with Stubblefield since he came to the facility in June of 2005. Stubblefield often expresses negative thoughts about INS detainees. Stubblefield is "retributing" against Kundra and making his life hard. Stubblefield has punished and oppressed Kundra because he filed grievances against Stubblefield.

In his motion to supplement his complaint (4), Kundra says Stubblefield is continuing to punish him—it is impossible for Kundra to copy his legal work. He says that Stubblefield is acting in retribution against him by refusing to make copies of a "Lexis daily journal of precedent cases." This refusal shows that the situation is very urgent. The grievance investigator is no longer reliably fair; she is unethical and underhanded.

Kundra claims violations of his right to litigate grievances in court, retaliation, and denials of access to the courts and equal protection.

2. *Lost Papers & Access to the Courts*

The only specific papers and copies that Kundra says Stubblefield failed to return to him are published court opinions. *See* Motion to Supplement Suit, (4, pp. 5- 6). The failure to make copies for Kundra did not deny him access to the courts. Kundra does not claim that the immigration judge was unable to conduct his own legal research or that the judge required Kundra to submit copies of the legal opinions supporting his grounds for relief. The inability of Kundra to submit copies of court opinions to the immigration judge does not mean that he was unable to make an argument to the judge, including citing the case without submitting a copy.

Furthermore, the grievances submitted by Kundra show that the papers he wanted copied were not his. *See* Motion to Supplement Suit, (4, p. 5). Copying another INS detainee's papers is against the policy of the facility housing Kundra. *Id*. Kundra had no right to the copies he requested from Stubblefield.

To support a claim of denial of access to the courts under the First Amendment, a prisoner must show that his position in a legal action was prejudiced. *Henthorn v. Swinson*, 955 F.2d 351,

2

354 (5th Cir.), *cert. denied*, 504 U.S. 988 (1992). Kundra's conclusory allegations do not show prejudice in his INS case caused by the lack of copies of court opinions. In addition, the prisoner must show intention on the defendant's part by, for example, withholding mail destined for the courts. *Jackson v. Cain*, 864 F.2d 1235, 1244 (5th Cir. 1989). Kundra does not show any intentional act or omission by Stubblefield by which he meant to cause any harm in Kundra's INS case. *Richardson v. McDonnell*, 841 F.2d 129, 121-22 (5th Cir. 1988); *Jackson*, 864 F.2d at 1244.

Kundra has not shown a denial of access to the courts.

3. *Grievances*

Kundra does not have a due process liberty interest in having his grievances resolved to his satisfaction. *See generally Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005).

4. *Retaliation*

Kundra claims retribution and retaliation. To prevail on a retaliation claim under the First Amendment, a plaintiff must show (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his exercise of that right, (3) a retaliatory adverse act, and (4) causation. *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998). A plaintiff must allege facts which show that "but for the retaliatory motive the complained of incident .... would not have occurred." *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995).

Kundra's retaliation claims fail because he does not show that Stubblefield's actions were motivated by a retaliatory intent and the chronology of events does not raise an inference of retaliation. *Whittington v. Lynaugh*, 842 F.2d 818, 819. (5th Cir. 1988). Kundra essentially relies on the fact that adverse behavior occurred after he filed a grievance against Stubblefield. This is insufficient to show retaliation. *Enlow v. Tishomingo County, Mississippi*, 45 F.2d 885, 889 (5th Cir. 1995) (that one event follows another in time does not amount to proof of retaliation).

5. *Equal Protection*

Kundra's allegations do not show an equal protection violation. He has not shown different treatment resulting in a "discriminatory effect among persons similarly situated." *Muhammad v. Lynaugh*, 966 F.2d 901, 903 (5th Cir. 1992). Moreover, his allegations do not show purposeful discrimination. *Woods v. Edwards*, 51 F.3d 577, 580 n. 6 (5th Cir. 1995)

3

("Discriminatory purpose ... implies that the decision maker selected a particular course of action at least in part because of, and not simply in spite of, the adverse impact it would have...").

6. *Failure to Comply with a Court Order*

This court issued a routine order directing Kundra to submit a definite statement of his claims. Kundra was warned that if he did not timely comply, the court might dismiss the complaint. Instead of complying, Kundra responded with a paper entitled: "With Great Emphasis I Protest Judge Lynn N. Hughes Order of 08-13-06 as biased and prejudiced against me, I further plead for equal protection of law and to have another judge hear this case." Kundra's non-compliance renders this complaint subject to dismissal. *See* FED. R.CIV.P. 41(b).

In the order to submit a definite statement, this court said that Kundra had filed eight other lawsuits in federal court and warned him that filing an excessive number of lawsuits lacking merit would be considered an abuse of the courts and may result in sanctions. Kundra replied that all of his other lawsuits, except one, are habeas corpus in nature. However, court records show that of the eight other cases filed and docketed when the court's order was drafted, seven were civil rights complaints and one was a habeas corpus petitioner. *See Kundra v. Court of Criminal Appeals of Texas*, 3:06cv0014 (N.D.Tx.); *Kundra v. US Department of Justice, et al.*, 4:06cv0599 (S.D.Tx.); *Kundra v. Dallas County Jail, et al.*; 3:06cv0684 (N.D.Tx.); *Kundra v. Dept. of Homeland Security, et al.*, 4:06cv0710 (S.D.Tx.); *Kundra v. Austin, et al.*; 3:06cv0728, (N.D.Tx.); *Kundra v. Chertoff*, 3:05cv2425 (N.D.Tx.); *Kundra v. Calhoun*, 3:05cv2511 (N.D.Tx.); and *Kundra v. Gould, et al.*, 3:05cv2518 (N.D.Tx.). Kundra filed four other new cases in early August which were not included in the court's count of eight cases. These four new cases are habeas corpus petitions. Kundra's statement that "all [eight] of them except for one, are habeas corpus in nature" is not true. Kundra had filed seven other cases that were civil rights complaints—not one, as he claims. Kundra's false statement to this court subjects his complaint to being dismissed.

Kundra was ordered to submit a definite statement, and allowed to amend and supplement his complaint. He refused. He now seeks to file further pleadings. His motions to do so are denied. *See Parish v. Frazier*, 195 F.3d 761, 763 -764 (5th Cir.1999) (affirming denial of motion to amend where district court "found that the seven month delay between the filing of the original complaint and the motion for leave to amend could have been avoided by due diligence, as plaintiff could

4

have raised the additional claims in her complaint or at least sought to amend at an earlier time.")

7. *Conclusion*

Kundra fails to state a claim recognized at law. Kundra disobeyed a court order. This case is dismissed.

Kundra's motion to proceed on interlocutory appeal (23), motions to file further pleadings (25, 27), and motion for appointed counsel (27) are denied. *See Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982). Kundra's request for another judge to hear this case (16) is denied.

Any future papers filed by Kundra in this case or any other case in this court must be double spaced, and typed or hand-printed in legible, block handwriting. Failure to comply will result in striking the paper or other sanctions.

Signed December 6, 2006, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge